Gomez v Wickham (2025 NY Slip Op 02760)

Gomez v Wickham

2025 NY Slip Op 02760

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-04177
 (Index No. 1059/21)

[*1]Alejandro Moreno Gomez, appellant, 
v
Bobby Wickham, respondent, et al., defendant.

Sobo & Sobo, LLP, Middletown, NY (John A. Del Duco III of counsel), for appellant.
Michael Frey, Barryville, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated April 7, 2023. The order granted the motion of the defendant Bobby Wickham for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Bobby Wickham for summary judgment dismissing the complaint insofar as asserted against him is denied.
The plaintiff, who was working as a farrier, went to the defendant Bobby Wickham's farm to service his cows. The cement area that the plaintiff had to traverse to transport each cow to and from her stall allegedly was covered with feces and urine. When the plaintiff complained to Wickham that the floor was very slippery, Wickham allegedly stated that he did not have sand to put down on the ground. The plaintiff serviced six or seven cows without incident. While he was working, the plaintiff saw cows slip on the floor. After servicing the cow at issue, the plaintiff was walking the cow back to her stall when he slipped and fell on the floor. The cow then fell on top of the plaintiff's right foot.
The plaintiff commenced this action against Wickham and another defendant, alleging a cause of action sounding in premises liability. Wickham moved for summary judgment dismissing the complaint insofar as asserted against him, contending that the sole means of recovery of damages for injuries caused by a domestic animal was upon a theory of strict liability, whereby the plaintiff must establish that the domestic animal had vicious propensities and that the owner knew or should have known of the domestic animal's vicious propensities, which the plaintiff did not allege here. In an order dated April 7, 2023, the Supreme Court granted Wickham's motion. The plaintiff appeals.
Contrary to Wickham's contention, the plaintiff properly alleged a common-law negligence action against him based on a theory of premises liability, that he and the cow slipped and fell on a dirty floor. Wickham failed to establish, prima facie, that the plaintiff's injuries were inflicted solely as a result of the cow's conduct. The Supreme Court, in granting summary judgment [*2]to Wickham, determined that the plaintiff "did not submit any proof that his fall alone caused him any injury," further determined that the plaintiff's testimony at his deposition that the cow also slipped and fell was "mere speculation," and thus placed the burden of proof on the wrong party. It was Wickham's burden, on his motion for summary judgment, to establish that the plaintiff's injuries were not causally related to Wickham's alleged failure to maintain his premises in a reasonably safe condition (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853). The evidence submitted raised triable issues of fact as to whether the plaintiff allegedly slipped and fell due to the condition of the floor and whether the cow's subsequent contact with the plaintiff was causally related to the condition of the floor.
Accordingly, the Supreme Court should have denied Wickham's motion for summary judgment dismissing the complaint insofar as asserted against him.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court